IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-11587
Summary Calendar
_____


JAMES DWIGHT PATTERSON,

                                        Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE
INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:95-CV-751-E
- - - - - - - - - -
September 22, 1997
Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

     James Dwight Patterson appeals the district court's denial
of his 28 U.S.C. § 2254 motion.  He argues that 1) his Sixth
Amendment right to compulsory process and to confront his
accusers were violated when the trial court excluded testimony
from two witnesses, 2) the prosecutor used perjured testimony to
obtain a conviction, and 3) the district court should have held
an evidentiary hearing.

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

In order to demonstrate that his Sixth Amendment right was violated, the defendant must show that the excluded testimony was relevant and material to a central issue at trial. Rousell v. Jeane, 842 F.2d 1512, 1515-16 (5th Cir. 1988). If the defendant's Sixth Amendment right was violated, we must then find that the error "had a *substantial* effect of influence in determining the verdict." Woods v. Johnson, 75 F.3d 1017, 1026 (5th Cir. 1996).

Even if Lloyd Hull's testimony was relevant and material to whether Patterson encouraged or directed the aggravated kidnapping at trial, the exclusion of Hull's testimony did not have a "substantial and injurious effect or influence in determining the jury's verdict." See Woods, 75 F.3d at 1026, citing Brecht v. Abrahamson, 507 U.S. 619, 637 (1993).

The exclusion of Paul Dickson's testimony was also harmless error. There was sufficient other evidence establishing the bias and lack of credibility with the State's witness, John Duffy.

A review of the trial record reveals that Duffy's testimony about the deal he made for his testimony contained discrepancies and does not indicate perjury was committed. See Valles v. Lynaugh, 835 F.2d 126, 127 (5th Cir. 1988). Furthermore, assuming the testimony was perjury, there was a significant amount of evidence establishing Duffy's bias, such that our confidence in the jury's verdict is not undermined. Spence v. Johnson, 80 F.3d 989, 996-97 (5th Cir.), cert. denied, 117 S. Ct.

519 (1996); see also Kyles v. Wainright, 115 S. Ct. 1555, 1565-67 (1995).

Patterson has not presented a claim which cannot be adequately resolved by the record, so no evidentiary hearing was required. Wiley v. Puckett, 969 F.2d 86, 98 (5th Cir. 1992).

AFFIRMED.